BOGGS, Circuit Judge,
dissenting in part.
I concur in the majority’s well-reasoned opinion with respect to the claims of N.D. and J. J. However, I dissent with respect to dismissing R.G.’s claim on summary judgment.
Cases involving teacher action with respect to severely disabled or disturbed students can be very difficult, as it is undoubtedly true that measures may need to be taken that are quite different from those in a conventional classroom. The majority opinion generally sets out these difficulties well and applies them to several of the appellants. However, with respect to R.G., I cannot say that there is no genuine issue of material fact as to the objective reasonableness of the teacher’s actions in binding and gagging him.
First, I think that in the application of the Gottlieb factors, 272 F.3d at 173, the court’s emphasis on actions that are “capable of being construed” as serving a pedagogical objective distracts from what should be the focus of the inquiry: actions that in fact do serve such objectives. The Gottlieb court’s language makes clear, as would the grammar of the sentence, that being “capable of being construed” as serving pedagogical objectives is merely a necessary condition to create a factor pointing against summary judgment, but not a completely sufficient one. Many things that might be capable of being construed in a certain way are also subject to genuine dispute, and on summary judgment that genuine dispute cannot be discounted.
In this case, although R.G. was certainly disruptive and his spitting was troubling, the teacher’s action in binding him to a gurney and gagging him with a bandana could be found by a reasonable jury to shock the conscience. At this stage we are not empowered to decide either that the action was or was not shocking on these facts, but merely whether there is a genuine issue.
I would point to the factors that a reasonable jury might rely on: this particular discipline was never repeated, although R.G. acted in this manner on several occasions; the actions were the subject of severe criticism by a teacher’s aide; and if there were no legitimate pedagogical necessity for this action, then the significant degree of force employed could be taken by a reasonable jury to be malicious or sadistic.
Finally, I would note that the fourth Gottlieb factor, whether a “serious injury” *418 occurred, may need to be assessed in light of the particular problems of a non-verbal severely disabled child. The fact that a child may have difficulty in expressing emotional disturbance from such treatment would counsel in favor of greater latitude, not less, in consideration of that factor. Otherwise the result is lessened protections, rather than “heightened protections for disabled pupils” as referenced in numerous decisions. Preschooler II v. Clark Cty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir.2007); see also Sagan v. Sumner Cty. Bd. of Educ., 726 F.Supp.2d 868, 885 (M.D.Tenn.2010) (noting that an educator’s constitutional responsibility to special-needs students is “inevitably heightened”); M.S. ex rel. Soltys v. Seminole Cty. Sch. Bd., 636 F.Supp.2d 1317, 1323 (M.D.Fla. 2009) (“The conscience-shocking threshold is more quickly reached in cases where the victim is particularly vulnerable to abuse and is otherwise defenseless.”).
In addition, we have not rigidly treated the existence of a serious injury as a mandatory requirement, but rather as evidence that force was excessive. See, e.g., McDowell v. Rogers, 863 F.2d 1302, 1307 (6th Cir.1988) (denying qualified immunity even though victim “may not have suffered a ‘serious or permanent injury’ as a result of the alleged blows ... [since] there was clearly no need for the[ blows]”); Webb v. McCullough, 828 F.2d 1151, 1158-59 (6th Cir.1987) (denying qualified immunity when victim produced no evidence of serious physical injury because a trier of fact could have found “that the alleged blows were a brutal and inhumane abuse of ... official power”).
Although this case is difficult, I think the balance of factors should preclude granting summary judgment' against R.G.’s claim and should rather allow that claim to go to a factfinder. I therefore respectfully dissent with respect to that portion of the majority opinion.